996 F.2d 311
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael Douglas McNEIL, Plaintiff-Appellant,
and
Ralph W. Severe, Plaintiff,
v.
Bruce HOWARD and Gary Maynard, Defendants-Appellees.
 No. 92-7121.
 United States Court of Appeals, Tenth Circuit.
 June 2, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from the dismissal of a pro se complaint under 42 U.S.C. § 1983 alleging religious discrimination and seeking injunctive relief. The district court dismissed the action after a magistrate judge determined it was frivolous. Our review of the record leads us to conclude plaintiffs failed to assert a cognizable claim, and we affirm.
 
 
 3
 Alleging membership in the "First Christian's Essene Church," plaintiffs, who are inmates of the Oklahoma Department of Corrections, filed an action alleging defendants refused to recognize their religion and to permit them to exercise the tenets of their faith. The district court called for a Martinez report from which the magistrate judge determined the attempts of the prison authorities to verify the existence of the Essene Church as a recognized religious faith was met with resistance by plaintiffs. Not only did they refuse to submit information concerning the dietary and grooming requirements of the faith, but they also refused to provide any outside source to establish the existence of their church or conduct its services. On this basis, the magistrate judge determined prison authorities had not deprived plaintiffs of any established constitutional rights and recommended dismissal of the complaint as frivolous.
 
 
 4
 The district court adopted all recommendations except that which suggested the court retain jurisdiction so the plaintiffs could exercise their right to petition prison authorities for an exemption from regulations. Instead, the district court "directed" the plaintiffs to seek that exemption.
 
 
 5
 The only issue before us in this appeal is whether the district court's order of dismissal was erroneous. Because plaintiffs have not demonstrated the findings made by the magistrate judge that their lack of cooperation effectively impeded prison authorities from granting plaintiffs' request for exemption, we must conclude the district court did not err. The requests for verification were appropriate responses to plaintiffs' requests for exemptions. Mosier v. Maynard, 937 F.2d 1521, 1526-27 (10th Cir.1991). Because plaintiffs' compliance with these proper requests would have led to the recognition of their faith, they cannot complain that defendants deprived them of those rights. It is within this context the district court properly regarded their claims as frivolous.
 
 
 6
 Attachments to plaintiffs' opening brief indicate, subsequent to the acts upon which the complaint was based, plaintiff McNeil has been determined to be "a sincere believer of the Essene Faith." Because that determination was made at a later time does not establish the prior acts of prison authorities were wrong. Indeed, that determination proves the district court's wisdom in directing plaintiffs to take appropriate action to obtain exemptions.
 
 
 7
 The district court properly denied injunctive relief on the facts before it. The judgment is therefore AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3